```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
ROBERT L. GRIER,

                            Plaintiff,            06-CV-6539

              v.                                  DECISION
                                                  and ORDER
JO ANNE B. BARNHART, Commissioner
of Social Security

                            Defendant.
_____
```

## INTRODUCTION

Plaintiff Robert L. Grier ("Grier") brings this action pursuant to Title II of the Social Security Act, § 201 et. seq. (Codified at 42 U.S.C. § 401 et. seq.) (the "Act") claiming that the Commissioner of Social Security ("Commissioner") improperly denied him disability benefits.[1] Specifically, Grier alleges that the decision of the Administrative Law Judge (ALJ) was erroneous and not supported by the substantial evidence in the record, or the applicable law.

The defendant, Jo Anne B. Barnhart ("defendant") moves for judgment on the pleadings on grounds that the ALJ's decision was correct, was supported by substantial evidence, and was made in accordance with applicable law. The plaintiff has also moved for judgment on the pleadings. Because the court determines that the findings of the Commissioner are supported by substantial evidence,

---

[1] This case (formerly civil case 02-CV-0427(A)) was transferred to the undersigned by the Honorable Richard J. Arcara, Chief Judge, United States District Court for the Western District of New York by Order dated October 26, 2006.

-Page 1-

judgment on the pleadings is hereby granted in favor of the defendant.

## BACKGROUND

On September 22, 1998, plaintiff Robert L. Grier, a 47 year old former warehouseman/power trucker applied for Social Security disability benefits, claiming that he had become unable to work on July 20, 1995 because of a severe back condition. Grier alleges that while moving 400 pound kegs of abrasive grain at work he felt sudden popping pain in the mid lower back near his tailbone. Grier was initially denied benefits on December 14, 1998, and thereafter requested reconsideration which was denied on March 4, 1999. Plaintiff requested a hearing which was held on July 14, 1999. On the basis of that hearing, the ALJ found that though Grier suffered severe lumbar degenerative disease, he did not have a disability as defined by 42 U.S.C. § 423(d) or 20 C.F.R. 404.1501 et seq. (1994) (listing specific impairments that constitute a disability under the Act). Thereafter, Grier's appeal of the ALJ's decision was denied and on October 27, 1999, plaintiff filed this action.

## DISCUSSION

### I.  Jurisdiction and Scope of Review

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Additionally, the section directs that when considering such a claim, the court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined

as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v NLRB, 305 U.S. 197, 229 (1938). Section 405(g) thus limits the court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence. See, Mongeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding a reviewing court does not try a benefits case de novo).

The court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F.Supp 265, 267 (S.D. Tex. 1983) (citation omitted). Defendant asserts that his decision was reasonable and is supported by the evidence in the record, and moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Under Rule 12(c), judgment on the pleadings may be granted where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639 (2d Cir. 1988). If, after a review of the pleadings, the court is convinced that "the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief," judgment on the pleadings may be appropriate. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

## II.   The ALJ's Findings

The ALJ made his determination based on the evidence before him and concluded that plaintiff did not suffer from a disability[2] under the Act. Specifically, the ALJ found that plaintiff has severe lumbar degenerative disc disease, but that he does not have an impairment or impairments under 20 C.F.R. 404.1501 et seq. (Tr. 19) The ALJ took into account plaintiff's subjective complaints of pain, and found that although he could not perform his previous work as a warehouseman, he could perform full range of sedentary work, as defined by 20 C.F.R. 404.1567. (Id.). The ALJ found that plaintiff has the residual functional capacity to perform the physical exertion requirements of work except for lifting and carrying more than ten pounds; sitting more than six hours in an eight hour day; and standing/walking more than two hours in an eight hour day. (Id.)  These are the relevant findings which must be examined for the purpose of determining whether or not they are supported by the evidence in the record.

## II.   Plaintiff's Medical History

On October 4, 1995, plaintiff was examined by Dr. Young J. Yu for his back pain.  A CT scan of the lumbar spine revealed large herniations to L4-L5 and some bony changes at L3-L4 and L5-S1. (Tr. 15). Plaintiff was also examined for insurance purposes by a neurologist, Dr. David R. Cooper. After an examination performed on

---

[2] A disability, is defined by 42 U.S.C. § 423(d) as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d) (1991).

November 1, 1995, Dr. Cooper noted that plaintiff did not show any spasm, scoliosis or pelvic tilt and that he performed toe and heel walking. (Tr. 157-160). Dr. Cooper examined plaintiff several times thereafter from 1995 July 1998. During an examination of plaintiff on July 22, 1998, Dr. Cooper noted that plaintiff performed lateral bending and extension in a satisfactory manner as well as toe and heel walking. (Tr. 143-146). However, Dr. Cooper commented that plaintiff "sharply curtailed his range of forward flexion after about 25 degrees, reporting central low back pain[.]" (Tr. 145)

Plaintiff also saw Dr. Edward D. Simmons, an orthopedist for his back pain on February 5, 1996 who recommended that plaintiff undergo an MRI of his lumbar spine. (Tr. 142) The MRI revealed a disc herniation and plaintiff had an L5-S1 laminotomy/discectomy surgery procedure on May 28, 1996. In a July 8, 1996 report, Dr. Simmons indicated that plaintiff achieved "complete resolution of ... pain in the right lower extremity." (Tr. 138) Plaintiff contends that according to Dr. Simmons' October 7, 1996 medical report, plaintiff was noted to have degenerative changes at L3-L4, L4-L5 and L5-S1. (Tr. 137). Further, Dr. Simmons discussed with plaintiff the fact that the discectomy at L5-S1 would not improve his low back pain problem and that the surgery was performed for purposes of relieving lower extremity pain. (Id.)

On April 4, 1997, an EMG was performed and it was found that there was no evidence of left lower extremity neuropathy or radiculopathy. (Tr. 127-129). Moreover, Dr. Andrew Matteliano noted in a report dated April 10, 1997 that a prior EMG of plaintiff's

-Page 5-

right side also found no evidence of acute right lower extremity radiculopathy. (Tr. 125). Dr. Thomas Hughes performed a consultative examination of the plaintiff on October 29, 1998. In his report, Dr. Hughes indicated that plaintiff's gait was hesitant and unsteady, but his station was essentially normal. In addition, there was no muscle wasting or atrophy.

Plaintiff points out that Dr. Ronald J. Clark, D.O. opined on September 25, 1998 that plaintiff is unable to perform his past work and concluded that plaintiff has an 80% overall disability with regard to all types of work. (Tr. 161). However, Dr. Matteliano reported that plaintiff could lift ten pounds frequently as well as lift fifteen to twenty pounds occasionally. (Tr. 125) Moreover, Dr. Simmons noted that plaintiff should be able to perform light duty or sedentary work. (Tr. 134).

### III. **The ALJ's Decision was supported by Substantial Evidence in the Record**

Plaintiff argues that the ALJ failed to properly consider the medical evidence in the record. However, with the exception of Dr. Clark's report dated September 25, 1998, it is clear that the substantial evidence in the record supports the ALJ's finding that plaintiff did not have a disability. Not one of the other doctors concluded that plaintiff was unable to be employed. Indeed many of the reports found that the plaintiff had normal posture and gait and was able to perform well on forward flexion and extension of the lumbar spine. In addition, Dr. Matteliano indicated that he believed plaintiff could perform certain types of "light" work.

Based on the foregoing medical evidence, the ALJ's decision that plaintiff did not have a disability under the act satisfies the "reasonable mind" test as stated in <u>Consolidated Edison</u>. <u>See</u> 305 U.S. at 229.

Plaintiff further argues that the ALJ improperly determined that he was not credible based upon his observations of Grier at the hearing. Moreover, Grier contends that the medical evidence in the record does not support the residual functional capacity found by the ALJ.[3] However, the record reveals that plaintiff's ability to perform a range of daily activities contradicts his claims of disability. Plaintiff testified that he is able to care for his personal needs unassisted, including showering and dressing. (Tr. 40-45) While he does not perform house cleaning chores or do any cooking, he walks about 100 yards for exercise, drives his children to school, babysits with his children, attends church services on Sunday, visits with friends and drives his van occasionally during the week. (Tr. 43-45).

Substantial evidence in the record supports the ALJ's conclusion that plaintiff was not disabled during the relevant period, and therefore, the Commissioner's decision is affirmed.

## **CONCLUSION**

Because the court finds that the Commissioner's decision was made in accordance with the applicable law, and was supported by

---

[3] Grier testified at the hearing that he is unable to attend movies because of his inability to sit. (Tr. 38) In addition, he testified that he had to lie down two to three times a day to stretch out his back. (Tr. 41) Thus, Grier contends he would not be able to sit for six hours per day in an eight hour day.

substantial evidence in the record, the court hereby grants judgment on the pleadings in favor of the defendant. Plaintiff's motion for judgment on the pleadings is denied.

ALL OF THE ABOVE IS SO ORDERED.

s/Michael A. Telesca
MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         November 3, 2006